# EXHIBIT 1

State Court of Fulton County
**E-FILED**
23EV002284
4/19/2023 11:56 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____23EV002284_____

David Perras and David Haskins

178 S. Main St. Suite 250

_____ Alpharetta _____ GA _____ 30009 _____

Plaintiff's Name, Address, City, State, Zip Code

vs.

State Farm Fire and Casualty Company

c/o 2 Sun Court, Suite 400

_____ Peachtree Corners _____ GA _____ 30092 _____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ 117,600+ |
| [x] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: John D. Hipes, HIPES & BELLE ISLE, LLC

Address: 178 S. Main Street, Suite 250

City, State, Zip Code: Alpharetta, GA 30009          Phone No.: 770-664-6699

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

This _____ day of _____, 20____. _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV002284
4/18/2023 12:05 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DAVID PERRAS and
DAVID HASKINS,          )
                        )
        Plaintiffs,     )          Civil Action File No.
                        )
    v.                  )          __23EV002284__
                        )
STATE FARM FIRE AND     )
CASUALTY COMPANY,       )
                        )          JURY TRIAL DEMANDED
        Defendant.      )

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs David Perras and David Haskins ("Plaintiffs"), and for their Complaint against Defendant State Farm Fire and Casualty Company ("Defendant") show the Court as follows:

### PARTIES AND JURISDICTION

1.

Defendant is an insurance company organized and existing under the laws of the state of Illinois and is authorized and qualified to transact business in the state of Georgia.

2.

Defendant may be served with process by serving a second original of the summons and complaint to Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

Defendant is subject to the jurisdiction of the State Court of Fulton County, Georgia.

4.

Venue is proper in this Court pursuant to O.C.G.A. § 33-4-1.

## FACTS

### 5.

Defendant issued to Plaintiffs a policy of insurance, policy no. 81-PA-6924-4 for the policy period July 2, 2021 to July 2, 2022 (the "Policy").

### 6.

The Policy provided insurance coverage for Plaintiffs' real property and contents therein located at 1070 Trailmore Road, Roswell, Fulton County, Georgia (the "Insured Property").

### 7.

On or about April 23, 2022, while the Policy was in full force and effect, wind caused a tree to fall on Plaintiffs' house damaging the Insured Property ("Loss").

### 8.

As a result of the Loss, Plaintiffs sustained damages to the Insured Property.

### 9.

As a result of the Loss, Plaintiffs have incurred and continue to incur expenses covered by the Policy in an amount which will be established at time of trial.

### 10.

Plaintiffs' loss and damages resulting from the Loss are covered by the Policy.

### 11.

Plaintiffs properly notified Defendant of the Loss and documented their damages.

### 12.

Plaintiffs' damages resulting from the Loss covered by the Policy exceed $117,600.

### 13.

As a result of the Loss, Defendant acknowledged coverage and paid a small portion of the

- 2 -

claim but has failed to pay the remaining amount owed.

14.

By letter dated November 22, 2022, Plaintiffs made demand upon Defendant pursuant to O.C.G.A. § 33-4-6 for payment of their damages resulting from the Loss and Defendant has failed and refused to do so.

15.

Plaintiffs have satisfied and met all conditions precedent to recover their claimed losses from Defendant.

## COUNT I - BREACH OF CONTRACT

16.

Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of the Complaint as if fully set forth herein.

17.

Defendant breached its insurance contract and the Policy with Plaintiffs by, among other things, refusing to pay Plaintiffs amounts that are past due and owing under the Policy.

18.

Defendant is liable to Plaintiffs in an amount exceeding $117,600 less amounts paid by Defendant for damage to the Insured Property resulting from the Loss, less deductible, plus all other additional expenses and amounts that are covered by the Policy in an amount which will be established by time of trial, plus prejudgment interest accruing thereon.

## COUNT II - BAD FAITH

19.

Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs

of the Complaint as if fully set forth herein.

20.

By letter dated November 22, 2022, Plaintiffs made written demand upon Defendant for payment of Plaintiffs' covered losses.

21.

More than sixty (60) days have elapsed since Defendant received Plaintiffs' demand and Defendant has refused to pay Plaintiffs' covered losses.

22.

Defendants' refusal to pay Plaintiffs' covered losses constitutes bad faith and, pursuant to O.C.G.A. § 33-4-6, Plaintiffs are entitled to recover, in addition to their proven losses, fifty percent (50%) of the liability of Defendant for Plaintiffs' losses, and in addition thereto, all reasonable attorney's fees incurred by Plaintiffs for the prosecution of this action.

WHEREFORE Plaintiffs respectfully pray:

(1)    that process issue and that service be made upon Defendant;

(2)    that Plaintiffs have judgment against Defendant on Count I for breach of insurance contract and amounts due under the Policy in an amount exceeding $117,600 less amounts paid by Defendant for damage to the Insured Property resulting from the Loss, plus all other additional expenses and amounts that are covered by the Policy in an amount which will be established by time of trial, plus prejudgment interest accruing thereon;

(3)    that Plaintiffs have judgment against Defendant on Count II pursuant to O.C.G.A. § 33-4-6 for bad faith damages and their reasonable attorney's fees incurred by

- 4 -

Plaintiffs to prosecute this action;

(4)    that Plaintiffs be awarded their costs in this action;

(5)    that Plaintiffs have such other and further relief as the Court deems just and

appropriate.

Respectfully submitted,

HIPES & BELLE ISLE, LLC
178 South Main Street
Suite 250
Alpharetta, GA  30009
(770) 664-6699
jhipes@hbilawfirm.com

/s/ John D. Hipes
John D. Hipes
Georgia Bar No. 100585
Attorney for David Perras
and David Haskins

- 5 -

# THIS PAGE INTENTIONALLY LEFT BLANK TO SEPARATE PAGES


# CSC

## Notice of Service of Process

null / ALL
**Transmittal Number: 26852273**
**Date Processed: 05/02/2023**

| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
|---|---|

| | |
|---|---|
| Entity: | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| Entity Served: | State Farm Fire And Casualty Company |
| Title of Action: | David Perras vs. State Farm Fire And Casualty Company |
| Matter Name/ID: | David Perras vs. State Farm Fire And Casualty Company (14010121) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Fulton County State Court, GA |
| Case/Reference No: | 23EV002284 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 05/02/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Hipes & Belle Isle, LLC<br>770-664-6699 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

SHERIFF'S ENTRY OF SERVICE                                SC-85-2

Civil Action No. __23EV002284__

Date Filed __4/19/23__

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☒ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, **Fulton** _____ COUNTY

**David Perras and David Haskins**

178 S. Main St., Suite 250

Alpharetta, GA 30009                    Plaintiff

VS.

**State Farm Fire and Casualty Company**

Attorney's Address

John D. Hipes-

HIPES & BELLE ISLE, LLC

178 S. Main St., Suite 250

Alpharetta, GA 30009

(770)664-6699

Name and Address of Party to be Served.

State Farm And Casualty Company

c/o Corporation Service Company

2 Sun Court, Suite 400

Peachtree Corners, GA 30092

                                        Defendant

                                        Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

☐ Served the defendant _State Farm Fire and Casualty Comp_ a corporation by leaving a copy of the within action and summons with _Alisha Chukh_ In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ____ day of _May_, 20_23_.

_Sgt Collins, SOSO_
                                        DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

SHERIFF'S ENTRY OF SERVICE                    SC-85-2                    CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. _23EV002284_____

Date Filed _4/19/23_____

|  | Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|---|
|  | State Court | ☑ | Probate Court | ☐ |
|  | Juvenile Court | ☐ |  |  |

Georgia, _____Fulton_____ COUNTY

Attorney's Address

John D. Ripes
RIPES & BELLE ISLE, LLC
175 S. Main St., Suite 255
Alpharetta, GA 30009
(770)664-6699

Name and Address of Party to be Served.

State Farm Fire And Casualty Company

c/o Corporation Service Company

2 Sun Court, Suite 400

Peachtree Corners, GA 30092

David Perras and David Haskins

178 S. Main St., Suite 250

Alpharetta, GA 30009                          **Plaintiff**

VS.

State Farm Fire and Casualty Company

                                             **Defendant**

                                             **Garnishee**

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

☐ Served the defendant _State Farm Fire and Casualty Company__ a corporation by leaving a copy of the within action and summons with _Alina Clark_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _May_____ , 20_23_.

_____
                                    **DEPUTY**

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

# THIS PAGE INTENTIONALLY LEFT BLANK TO SEPARATE PAGES

State Court of Fulton County
**E-FILED**
23EV002284
6/1/2023 9:56 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DAVID PERRAS AND )
DAVID HASKINS, )
                            )
        PLAINTIFF, )
v.                          )     CIVIL ACTION
                            )     FILE NO.: 23EV002284
STATE FARM FIRE AND )
CASUALTY COMPANY, )
                            )
        DEFENDANT. )
_____ )

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COME NOW Defendant State Farm Fire and Casualty Company, (hereinafter "Defendant State Farm") and file this their Affirmative Defenses and Answer to Plaintiffs' Complaint for Damages, as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against State Farm under the policy of insurance, bearing Policy No. 81-PA-6924-4 ("Policy"), which is the subject of this Complaint.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert a claim for breach of the Policy relating to the their claim for benefits, reflecting Claim No. 11-33N3-65F (the "Claim"), arising from the April 23, 2022 damage (the "Loss") which is the subject of Plaintiffs' Complaint, Plaintiffs' action should be dismissed because State Farm did not breach the Policy and, at all times relevant to this action, acted in accordance with the terms and conditions of the Policy and all applicable Georgia law.

-1-

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are unable recover for any alleged damages under **COVERAGE A – DWELLING** to the extent those damages did not result from an "accidental direct physical loss to covered property" as required by the Policy.  The Policy provides in **SECTION I – LOSSES INSURED**:

> **COVERAGE A – DWELLING**
>
> We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I – LOSSES NOT INSURED**.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover additional damages relating to the dwelling from State Farm under the Policy and applicable Georgia law to the extent the claimed damages are excluded and not an insured loss under the terms and conditions of the Policy, including, but not limited to **SECTION I – LOSSES NOT INSURED**, which provides:

> 1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> . . .
>
> k.    settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;
>
> . . .

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

. . .

3.     We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

. . .

b.     defect, weakness, inadequacy, fault or unsoundness in:

(1)     planning, zoning, development, surveying, siting;

(2)     design, specifications, workmanship, construction, grading, compaction;

(3)     materials used in construction or repair; or

(4)     maintenance;

Of any property (including land, structures, or improvements of any kind) whether on or off the **residences premises**; or

c.     weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## **FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs seek additional amounts in excess of the "actual cash value" of damage to the Property, Plaintiffs may not recover because Plaintiffs failed to comply with the policy terms and conditions relating to loss settlement. The Policy provides in **SECTION I – LOSS SETTLEMENT**:

-3-

Only the Loss Settlement provisions shown in the Declarations apply. We will settle covered property losses according to the following.

**COVERAGE A – DWELLING**

1.  **A1 – Replacement Cost Loss Settlement – Similar Construction**.

    a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under **SECTION I – COVERAGES**, **COVERAGE A – DWELLING**, except for wood fences, subject to the following:

        (1)  until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

        (2)  when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

        (3)  to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

        (4)  we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

-4-

      b.    Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot maintain a claim for replacement cost benefits against State Farm because the Policy provides that State Farm will pay no more than the actual cash value of the damaged dwelling unless actual repair or replacement is complete and the insured has submitted documentation to State Farm establishing that the expense has been incurred.  *See Marchman v. Grange Mut. Ins. Co.*, 232 Ga. App. 481, 483 (1998).

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek additional coverage for Loss of Use benefits, Plaintiffs may not recover for more than the time required to repair or replace the premises.  The Policy provides in **SECTION I – PROPERTY COVERAGES**, as follow:

### COVERAGE C – LOSS OF USE

The most *we* will pay for the sum of all losses combined under **Additional Living Expense**, **Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**.

1. **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. *Our* payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for *your* household to settle elsewhere; or

   c. 24 months.

This period of time is not limited by the expiration of this policy.

*We* will not pay more than the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any benefits under the Policy to the extent that Plaintiffs failed to satisfy their duties as required under the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS:**

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent and also notify:

(1)      the police if the loss is caused by theft, vandalism, or any other criminal act; and

(2)      the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c.      prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.      as often as we reasonably require:

(1) exhibit the damaged property;

(2)      provide us with records and documents we request and permit us to make copies;

-6-

. . .

e.    submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1)    the time and cause of loss;

(2)    interest of the **insured** and all others in the property involved and all encumbrances on the property;

(3)    other insurance which may cover the loss;

(4)    changes in title or occupancy of the property during the term of this policy;

(5)    specifications of any damaged building and detailed estimates for repair of the damage;

(6)    an inventory of damaged or stolen personal property described in 2.c.;

(7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

## NINTH AFFIRMATIVE DEFENSE

To the extent that the Loss occurred more than one year before suit was filed or to the extent that Defendant State Farm was not served with the required diligence, this lawsuit is barred by expiration of the Suit Limitation provisions of the Policy.

6.    **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering additional benefits related to this claim to the extent that they failed to mitigate their damages and failed to take steps to mitigate the costs incurred in repairing any damages related to the claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover the damages sought and set forth in their Complaint because this amount does not reflect the reasonable and necessary cost to repair any covered property damaged by a covered cause of loss with equivalent construction for equivalent use and to return the Plaintiffs to their pre-loss condition.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from State Farm under a theory of breach of contract as State Farm has at all times hereto complied with its contractual duties.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to assert a bad faith claim against Defendant State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiffs may not recover because their claim is legally and factually insufficient.  Defendant State Farm has at all times acted in good faith and with fair dealing with respect to Plaintiff's claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and

discovery.  Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant State Farm admits the allegations of Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant State Farm admits the allegations of Paragraph 2 of Plaintiffs' Complaint.

3.

Defendant State Farm admits the allegations of Paragraph 3 of Plaintiffs' Complaint. Defendant State Farm states that jurisdiction would also be proper in the United States District Court for the Northern District of Georgia.

4.

Defendant State Farm admits the allegations of Paragraph 4 of Plaintiffs' Complaint. Defendant State Farm states that venue would also be proper in the United States District Court for the Northern District of Georgia.

## FACTS

5.

Defendant State Farm admits the allegations of Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant State Farm admits that the Policy provided coverage for Plaintiffs' Property located at 1070 Trailmore Drive, Roswell, GA 30076-2751, subject to all terms and conditions of

the Policy and all applicable law. Defendant State Farm denies any remaining allegations of Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant State Farm admits that the Policy was in force on or about April 23, 2022. Defendant State Farm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the remaining allegations of Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the allegations of Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant State Farm denies the allegations of Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant State Farm admits that certain damages resulting from the Loss were covered by the Policy, for which Defendant State Farm has issued payment. Defendant State Farm denies the remaining allegations of Paragraph 10 of Plaintiffs' Complaint and specifically denies that any additional amounts are owed by Defendant State Farm to Plaintiffs for covered damage.

11.

Defendant State Farm admits that Plaintiff provided notice of the Claim. Defendant State Farm denies the remaining allegations of Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant State Farm denies the allegations of Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant State Farm admits that it has issued payments of at least $23,355.69 for damage to the Property and $8,733.67 in additional living expenses.  Defendant State Farm denies the remaining allegations of Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant State Farm admits that Plaintiffs sent a demand for payment dated November 22, 2022.  Defendant State Farm denies the remaining allegations of Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the allegations of Paragraph 15 of Plaintiffs' Complaint.

## COUNT I – BREACH OF CONTRACT

16.

Defendant State Farm hereby reiterates and incorporates by reference its answers to Paragraphs 1 through 15 as if each were fully set forth herein.

17.

Defendant State Farm denies the allegations of Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant State Farm denies the allegations of Paragraph 18 of Plaintiffs' Complaint.

## COUNT II – BAD FAITH

19.

Defendant State Farm hereby reiterates and incorporates by reference its answers to Paragraphs 1 through 19 as if each were fully set forth herein.

20.

Defendant State Farm admits that Plaintiffs sent a demand for payment dated November 22, 2022.  Defendant State Farm denies the remaining allegations of Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant State Farm admits that Plaintiffs sent a demand for payment dated November 22, 2022 and that more than 60 days have passed since the date of such demand.  Defendant State Farm denies the remaining allegations of Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations of Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies any allegations in Plaintiffs' Complaint which have not been expressly admitted herein, including all allegations of the WHEREFORE clause of Plaintiffs' Complaint.

WHEREFORE, Defendants request that the following relief be granted:

a)      That Plaintiffs' Complaint be dismissed with prejudice;

b)      That Defendant be granted a jury of twelve;

c)      That Defendant be awarded its reasonable attorney's fees and costs incurred in asserting its rights through this action; and,

-12-

d)      That Defendant be awarded such other and further relief as this Court deems just

and proper.

This ___1ˢᵗ___ day of June, 2023.

                                        SWIFT CURRIE MCGHEE & HIERS, LLP

                                        */s/ Rebecca E. Strickland*_____
                                        Rebecca E. Strickland
                                        Georgia Bar No. 358183
                                        *Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com

-13-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**, upon all parties to this matter by e-filing same using the Odyssey E-FileGA System which will automatically send e-mail notification of said filing to the following attorneys of record:

John D. Hipes
Hipes & Belle Isle, LLC
178 South Main Street
Suite 250
Alpharetta, GA 30009
jhipes@hbilawfirm.com
*Attorney for Plaintiffs*

This ___1st___ day of June, 2023.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Rebecca E. Strickland*
Rebecca E. Strickland
Georgia Bar No. 358183
*Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404-874-8800
Fax: 404-888-6199
Rebecca.strickland@swiftcurrie.com

4883-9883-0692, v. 1

-14-